UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 05-10105-PBS |
| v. | ) | |
| | ) | |
| FRANKLIN CHUKWUDINMA AZUBIKE, | ) | |
| a/k/a. "Al Hajji" | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

In anticipation of the jury charge conference scheduled for February 29, 2008, the United States of America submits the attached jury instructions pursuant to Rule 30 of the Federal Rules of Criminal Procedure. The government requests that the Court instruct the jury in accordance with the proposed instructions, in addition to other instructions normally given. The government reserves its right to supplement or modify these requested instructions in light of the requests, if any, filed by the defendant and the evidence in the case.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Kenneth G. Shine
KENNETH G. SHINE
Assistant U.S. Attorney

## TABLE OF CONTENTS

**Instruction No.**                                                    **Page**

1    Duty of the Jury. . . . . . . . . . . . . . . 4

2    Overview of the Case. . . . . . . . . . . . 5

3    Presumption of Innocence; Proof Beyond a
     Reasonable Doubt. . . . . . . . . . . . . . 6

4    What is Evidence; Inferences. . . . . . . . 8

5    Kinds of Evidence; Direct and Circumstantial. 9

6    What is not Evidence. . . . . . . . . . . . 10

7    Credibility of witnesses. . . . . . . . . . 12

8    Impeachment of Witness's Testimony by Prior
     Conviction. . . . . . . . . . . . . . . . . 13

9    Caution as to Cooperating Witness Testimony. .14

10   Weighing the Testimony of as Expert Witness. .15

11   "On or About" and "In or About" - Explained. .16

12   Defendant's Constitutional Right not to
     Testify. . . . . . . . . . . . . . . . . . .17

13   Conspiracy. . . . . . . . . . . . . . . . . 18

14   Conspiracy to Distribute Heroin
     [21 U.S.C. §846]. . . . . . . . . . . . . . 19

15   Conspiracy to Distribute Heroin: Drug Quantity
     [21 U.S.C. §846]. . . . . . . . . . . . . . 22

**Instruction No.**                                    **Page**

16    Distribution of a Controlled Substance
      [21 U.S.C. §841(a)(1)]. . . . . . . . . . . 23

17    Aiding and Abetting Distribution [18 U.S.C.
      §2]. . . . . . . . . . . . . . . . . . . .24

18    Statements by Defendant . . . . . . . . . . 25

19    Acts and Declarations of Co-Conspirators. . . 26

20    Punishment. . . . . . . . . . . . . . . . 28

21    Heroin: Schedule I Controlled Substance. . . .29

22    "Willful Blindness" as a Way of Satisfying
      "Knowingly". . . . . . . . . . . . . . . . .30

23    Use of Tapes and Transcripts. . . . . . . . 31

24    Foreperson's Role; Unanimity. . . . . . . . 32

25    Consideration of Evidence. . . . . . . . . .33

26    Reaching Agreement. . . . . . . . . . . . . 34

27    Return of Verdict Form. . . . . . . . . . . 36

28    Communication with the Court. . . . . . . . 37

29    Verdict Form. . . . . . . . . . . . . . . . 38

**GOVERNMENT'S REQUEST NO.1**
**DUTY OF THE JURY TO FIND FACTS**
**AND FOLLOW LAW**

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

**AUTHORITY:**  Pattern Jury Instructions: **First Circuit,** Criminal Cases Committee on Pattern Criminal Jury Instructions §3.01 (1998 Edition)

4

**GOVERNMENT'S REQUEST NO.2**

**OVERVIEW OF THE CASE**

In this case, there are two counts or charges against the Defendant, Franklin Chukwudinma Azubike, a/k/a "Al Hajji."  In Count One, it is alleged that Franklin Chukwudinma Azubike, a/k/a "Al Hajji" conspired to distribute heroin from an unknown date but at least by in or about November 2004 and continuing until on or about March 14, 2005.  It is alleged that this offense involved at least one kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.  In Count Four, it is alleged that Franklin Chukwudinma Azubike, a/k/a "Al Hajji" possessed with intent to distribute heroin (or aided and abetted the possession with intent to distribute heroin) on or about March 14, 2005.  It is alleged that this offense involved at least 100 grams of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

GOVERNMENT'S REQUEST NO.3

**PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime or crimes with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The defendant has the right to

rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt, it is your duty to acquit the defendant.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of a particular crime, you should vote to convict the defendant.

**Authority:**  Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.02 (1998 Edition).

## GOVERNMENT'S REQUEST NO.4
## WHAT IS EVIDENCE; INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

**Authority:**  Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.04 (1998 Edition).

8

**GOVERNMENT'S REQUEST NO.5**
**KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL**

There are two kinds of evidence:  direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something.  Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**Authority:**  Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.05 (1998 Edition).

**GOVERNMENT'S REQUEST NO. 6**
**WHAT IS NOT EVIDENCE**

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence because the lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5) The indictment is not evidence.  This case, like most criminal cases, began with a charge, or an indictment.  You will have that indictment before you in the course of your deliberations in the jury room.  That indictment was returned by

10

a grand jury, which heard only the government's side of the case. I caution you, as I have before, that the fact that this defendant has been indicted is no evidence whatsoever of his guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.

**Authority:** Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.08 (1998 Edition).

### GOVERNMENT'S REQUEST NO.7
### CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

**Authority**:  Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.06 (1998 Edition).

**GOVERNMENT'S REQUEST NO.8**
**IMPEACHMENT OF WITNESS'S TESTIMONY BY PRIOR CONVICTION**

You have heard evidence that certain witnesses have previously been convicted of a crime.  You may consider that evidence, together with other pertinent evidence, in deciding how much weight to give to those witnesses' testimony.

**Authority:**  Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §2.03 (1998 Edition).

13

## GOVERNMENT'S REQUEST NO. 9
## CAUTION AS TO COOPERATING WITNESS TESTIMONY

You have heard the testimony of one of the government's witnesses who participated in the crimes charged against the defendant and provided evidence under an agreement with the government.  Some people in this position are entirely truthful when testifying.  Still, you should consider this testimony with care and caution.  When evaluating the credibility of such a witness, you may consider whether he had reason to make up stories or exaggerate what others did to be helpful to law enforcement.

**Authority**:  Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §2.07 (1998 Edition).

14

## GOVERNMENT'S REQUEST NO. 10
## WEIGHING THE TESTIMONY OF AN
## EXPERT WITNESS

You have heard testimony from expert witnesses.  An expert witness has special knowledge or experience that allows that witness to give an opinion.

You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

**Authority**:  Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §2.06 (1998 Edition).

**GOVERNMENT'S REQUEST NO. 11**
**"ON OR ABOUT" and "IN OR ABOUT"- EXPLAINED**

The Indictment charges that the offense in Count One was committed from "[f]rom an unknown date but at least by in or about November 2004 and continuing until on or about March 14, 2004" and the offense in Count Four was committed "[o]n or about March 14, 2005." Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the dates charged.

**Authority:** Adapted from Devitt, Blackmar, Wolff, and O'Malley, Federal Jury Practice and Instructions, §13.05 (4th ed. 1992).

**GOVERNMENT'S REQUEST NO. 12**
**DEFENDANT'S CONSTITUTIONAL RIGHT**
**NOT TO TESTIFY**

The defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that a defendant did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

**Authority:**  Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.03 (1998 Edition).

17

## GOVERNMENT'S REQUEST NO. 13
### CONSPIRACY

A conspiracy is an agreement or mutual understanding knowingly made or knowingly entered into by at least two persons to violate the law by some joint or common plan or course of action.  The gist of the offense is a combination or an agreement to disobey or disregard the law to achieve some unlawful purpose.

The crime of conspiring to violate Title 21, United States Code, Section 846 -- that is, conspiring to distribute heroin -- is independent from the crime of actually distributing heroin.  The law refers to the object of the conspiracy -- in this case, possession with intent to distribute heroin -- as the substantive crime.

**AUTHORITY:**  Adapted from 1 L.B. Sand, Modern Federal Jury Instructions: Criminal, ¶19.01 (1993).  See also United States v. Flores-Rivera, 56 F.3d 319, 324 (1st Cir. 1995)(elements of conspiracy to import cocaine established, absent actual importation of cocaine, where there was knowing and voluntary participation in conspiracy, and intent to effectuate object of conspiracy), citing, United States v. Piper, 35 F.3d 611, 615 (1st Cir. 1994), (defining "intent to commit" object of conspiracy as "an intent to effectuate the commission of the substantive offense.  A defendant need not have had the intent to personally commit the substantive crime.")

**GOVERNMENT'S REQUEST NO. 14**
**CONSPIRACY TO DISTRIBUTE HEROIN**
**[21 U.S.C. § 846]**

Defendant, Franklin Chukwudinma Azubike, a/k/a "Al Hajji," is accused in Count One of the Indictment with conspiracy to distribute at least one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance. It is against federal law to conspire with someone to commit this crime.

For you to find the defendant guilty of conspiracy, you must be convinced that the government has proven both of the following things beyond a reasonable doubt:

First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between the defendant and at least one other person to distribute a controlled substance; and

Second, that the defendant willfully joined in that agreement.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims

19

and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed -- that is to say, with bad purpose, either to disobey or disregard the law -- not to act by ignorance, accident or mistake.   The government must prove two types of intent beyond a reasonable doubt before the defendant can be said to have willfully joined the conspiracy:  an intent to agree, and an intent, whether reasonable or not, that the underlying crime be committed.  Mere presence at the scene of a crime is not enough alone, but you may consider it among other factors.  Intent may be inferred from the surrounding circumstances.

Proof that the defendant willfully joined in the agreement must be based upon evidence of his own words or actions.  You need not find that the defendant agreed specifically to, or knew about all the details of, the crime, or knew every other co-conspirator, or that he participated in each act of the agreement, or played a major role, but the government must prove beyond a reasonable doubt that the defendant knew the essential features and general aims of the venture.  Even if the defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later.  On the other hand, a person who has no knowledge of a conspiracy, but

simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

The government does not have to prove that the conspiracy succeeded or was achieved.  The crime of conspiracy is complete upon the agreement to commit the crime to distribute a controlled substance.

The term possess means to exercise authority, dominion or control over something.  The law recognizes different kinds of possession.

Possession includes both actual and constructive possession. A person who has direct physical control of something on or around his person is then in actual possession of it.  A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it.  Whenever I use the term possession in these instructions, I mean constructive as well as actual possession.

Possession also includes both sole possession and joint possession. If one person alone has actual or constructive possession, possession is sole.  If two or more persons share actual or constructive possession, possession is joint.  Whenever I have used the word possession in these instructions, I mean joint as well as sole possession.

**Authority**:  Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §§4.03, 4.22 (1998 Edition).

21

## GOVERNMENT'S REQUEST NO. 15
## CONSPIRACY TO DISTRIBUTE HEROIN--DRUG QUANTITY
## [21 U.S.C. § 846]

Defendant, Franklin Chukwudinma Azubike, a/k/a "Al Hajji," is accused in Count One of the Indictment with conspiracy to distribute at least one kilogram or more of heroin.

For you to find the defendant guilty of this charge, you must find beyond a reasonable doubt:

1) that the defendant participated in a conspiracy, as I have just described it to you, and

2) that the conspiracy involved at least one kilogram or more of a mixture or substance containing a detectable amount of heroin.

You need not determine the precise amount of drugs involved in the conspiracy.  To find the defendant guilty of this charge, you need only determine, beyond a reasonable doubt, that the conspiracy involved at least one kilogram or more of a mixture or substance containing a detectable amount of heroin.

**Authority:**  <u>Derman v. United States</u>, 298 F.3d 34, 42 (1st Cir. 2002); <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); <u>see</u> <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).

GOVERNMENT'S REQUEST NO. 16
DISTRIBUTION OF A CONTROLLED SUBSTANCE
[21 U.S.C. § 841(a)(1)]

In Count Four of the Indictment, Defendant, Franklin Chukwudinma Azubike, a/k/a "Al Hajji," is accused of possessing with intent to distribute heroin (or aiding and abetting the possession with intent to distribute heroin) on or about March 14, 2005. It is against federal law to possess with the intent to distribute, that is, to possess it with intent to transfer to another person. For you to find Franklin Chukwudinma Azubike, a/k/a "Al Hajji" guilty of this crime, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that Defendant, Franklin Chukwudinma Azubike, a/k/a "Al Hajji," on or about the date alleged, possessed heroin with the intent to transfer it to another person;

Second, that he knew that the substance was a controlled substance; and

Third, that Franklin Chukwudinma Azubike, a/k/a "Al Hajji" acted intentionally, that is, that it was his conscious object to possess with the intent to transfer the heroin to another person.

It is not necessary that Franklin Chukwudinma Azubike, a/k/a "Al Hajji" to have benefitted in any way from the transfer.

**Authority:** Pattern Jury Instructions: **First Circuit**, Criminal

Cases Committee on Pattern Criminal Jury Instructions §4.23 (1998 Edition).

GOVERNMENT'S REQUEST NO. 17
AIDING AND ABETTING DISTRIBUTION
[18 U.S.C. § 2]

To "aid and abet" means intentionally to help someone else commit a crime.  To establish aiding and abetting, the government must prove beyond a reasonable doubt that (1) someone else committed the charged crime and (2) Franklin Chukwudinma Azubike, a/k/a "Al Hajji, associated himself in some way with the crime and participated in it as he would in something he wished to bring about.  This means that the government must prove that Franklin Chukwudinma Azubike, a/k/a "Al Hajji, consciously shared the other person's knowledge of the underlying criminal act and intended to help him or her.  The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting.  But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.  Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

**Authority:**  Pattern Jury Instructions: **First Circuit,** Criminal Cases Committee on Pattern Criminal Jury Instructions §4.02 (1998 Edition).

GOVERNMENT'S REQUEST NO. 18

STATEMENTS BY DEFENDANT

You have heard evidence that the defendant made statements in which the government claims he admitted certain facts.

It is for you to decide: (1) whether the defendant made each statement; and (2) if so, how much weight to give it.  In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statement.

**Authority**: Pattern Jury Instructions: **First Circuit,** Criminal Cases  Committee on Pattern Criminal Jury Instructions §2.10 (1998 Edition).

GOVERNMENT'S REQUEST NO. 19

ACTS AND DECLARATIONS OF CO-CONSPIRATORS

I have admitted into evidence certain acts and statements of various individuals because these acts and statements are alleged to have been committed during the course and in furtherance of the conspiracy.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy in furtherance of the common purpose of the conspiracy, are deemed under the law to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions. This is so even if the acts or statements in question were done or made in the absence of the defendant and without his knowledge.

However, before you consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made

27

during the existence, and in furtherance, of the unlawful scheme.

If the acts were done or the statements made by someone whom you

do not find to have been a member of the conspiracy or if they

were not done or said in furtherance of the conspiracy, they may

not be considered by you as evidence against the defendant.

**Authority:** United States v. Petrozziello, 548 F.2d 20, 23 (1st
Cir. 1977); L.B. Sand, Modern Federal Jury Instructions: Criminal,
§19-9 (1990); United States v. Angiulo, 847 F. 2d 956, 969 (1st
Cir. 1988) ("As long as it is shown that a party, having joined a
conspiracy, is aware of the conspiracy's features and general aims,
statements pertaining to the details of plans to further the
conspiracy can be admitted against the party even if the party does
not have specific knowledge of the acts spoken of."). Devitt and
Blackmar, Federal Jury Practice and Instructions, §14.13 (3d ed.
1977).

**GOVERNMENT'S REQUEST NO. 20**
**PUNISHMENT**

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

**Authority**: L. B. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, §9-1 (1990).

29

## GOVERNMENT'S REQUEST NO. 21
## HEROIN: SCHEDULE I CONTROLLED SUBSTANCE

As a matter of law, I instruct you that heroin is a Schedule I controlled substance.  You must take this as a fact.

**Authority:**  21 U.S.C. §§ 802(6), 812.

GOVERNMENT'S REQUEST NO. 22
"WILLFUL BLINDNESS" AS A WAY OF SATISFYING
KNOWINGLY"

In deciding whether Franklin C. Azubike acted knowingly, you may infer that Franklin C. Azubike had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him. In order to infer knowledge, you must find that two things have been established. First, that Franklin C. Azubike was aware of the high probability that the suitcase contained contraband that is either a substance that is illegal per se, such as drugs or an otherwise legal object that is being imported illegally. Second, that Franklin C. Azubike consciously and deliberately avoided learning of that fact. That is to say, Franklin C. Azubike willfully made himself blind to that fact. It is entirely up to you to determine whether he deliberately closed his eyes to the fact and, if so, what inference, if any, should be drawn. However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient. There must be a deliberate effort to remain ignorant of the fact.

_____

§2.14 (Modified) <u>First Circuit Pattern Jury Instructions-Criminal</u>
(West 1998).

**GOVERNMENT'S REQUEST NO. 23**
**USE OF TAPES AND TRANSCRIPTS**

At this time you are going to hear conversations that were recorded. This is proper evidence for you to consider. In order to help you, I am going to allow you to have a transcript to read along as the tape is played. The transcript is merely to help you understand what is said on the tape. If you believe at any point that the transcript says something different from what you hear on the tape, remember it is the tape that is the evidence, not the transcript. Any time there is a variation between the tape and the transcript, you must be guided solely by what you hear on the tape and not by what you see in the transcript.

§ 2.08 (Modified) <u>First Circuit Pattern Jury Instructions-Criminal</u> (West 1998).

**GOVERNMENT'S REQUEST NO. 24**

**FOREPERSON'S ROLE; UNANIMITY**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

**Authority**:  Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §6.01 (1998 Edition).

**GOVERNMENT'S REQUEST NO. 25**

**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

**Authority:** Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §6.02 (1998 Edition).

**GOVERNMENT'S REQUEST NO. 26**
**REACHING AGREEMENT**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own

35

conscientious determination.  Do not surrender an honest

conviction as to the weight and effect of the evidence simply to

reach a verdict.

**Authority:**  Pattern Jury Instructions: **First Circuit,** Criminal
Cases Committee on Pattern Criminal Jury Instructions §6.03 (1998
Edition).

GOVERNMENT'S REQUEST NO. 27

**RETURN OF VERDICT FORM**

I want to read to you now what is called the verdict form.  This is simply the written notice of the decision you will reach in this case.

**[The Court then reads verdict form].**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

**Authority:**  Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §6.04 (1998 Edition).

37

## GOVERNMENT'S REQUEST NO 28

### COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Authority:** Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §6.05 (1998

Edition).

# **VERDICT FORM**

Count One:

    Conspiracy to Distribute            Guilty              Not Guilty

    at least one kilogram

    of Heroin                                       ☐

                                               ☐

Count Four:

    Possession with Intent to     Guilty       Not Guilty
    Distribute at least 100

    grams of Heroin on or        ☐         ☐
    about March 14, 2005

I, _____, certify that this is the verdict of
    (Jury foreperson)

the unanimous jury.

Dated: _____.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ Kenneth G. Shine
       KENNETH G. SHINE
       Assistant U.S. Attorney

Date: February 20, 2008

## CERTIFICATE OF SERVICE

Suffolk, ss.                                Boston, Massachusetts
                                            February 20, 2008

    I hereby certify that a true copy of the foregoing was served by electronic court filing upon counsel for the defendant, James L. Budreau, Esq.

/s/ Kenneth G. Shine
KENNETH G. SHINE
Assistant U.S. Attorney