UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Crim No. 05-10105-RWZ |
| ) | |
| FRANKLIN AZUBIKE ) | |

**MOTION TO SUPPRESS PHOTOGRAPHIC IDENTIFICATION
OR, ALTERNATIVELY,
MOTION IN LIMINE TO PRECLUDE ITS ADMISSIBILITY**

Now Comes defendant Franklin Azubike, who respectfully files this motion to suppress the photographic identification of a woman by a government witness as a person who picked up a brief case from the CI in February 2005 on the grounds that the procedures used in the identification process were impermissibly suggestive and the identification is unreliable in violation of defendant's Fourth and Fifth Amendment rights. Defendant submits that a voir dire is necessary to explore these issues as the government only pronounced that it intended to introduce this photograph into evidence on February 11, 2008. Alternatively, defendant moves this to preclude the admission of this photograph on the grounds that it is more prejudicial than probative for the reasons stated below.

**FACTS**

The government produced a photograph of a woman the day before Mr. Azubike's original trial began before Judge Zobel in May 2006. This photograph was found in a camera located in Mr. Azubike's car and seized almost a year earlier. The photograph shows a woman of color sitting on a chair next to Mr. Azubike at what appears to be a party.

The government's CI was shown this photograph on the eve of trial in May 2006. He identified the woman in this photo as the woman who had picked up a brief case in February

2005.  Mr. Azubike picked up a similar brief case a couple of weeks later and was arrested in March 2005.  The government never located the woman who picked up the brief case as the sting operation began after she picked it up and before the transaction involving Mr. Azubike.  No photographs were shown the CI prior to May 2006 and defendant does not know what procedures were employed when the photograph was shown to the CI on the eve of trial.

When the CI began cooperating in February 2005, he told ICE Agents that the woman in question was African American.  He gave no other description of the woman and did not describe the conditions under which he met her except that it was in his apartment or apartment building.  He later testified in May 2006 that she was African American and spoke with an distinct African American accent (suggesting an inner city dialect) as opposed to a Nigerian or straight African accent.  Any other description he gave at this point was worthless as he had already seen the photograph of the woman in question.

## DISCUSSION

If the government has used unduly or impressionably suggestive techniques in showing photographs to identify alleged co-conspirators, then the identifications should be suppressed if they are also unreliable.  Mason v. Brathwaite, 432 U.S. 98, 97, S.Ct. 2243 (1977).  Reliability is the "linchpin" in determining whether an identification is admissible.  Id at 114.

In assessing the validity of a pretrial identification the courts generally follow a two-step analysis.  First the court must determine whether the procedure was unduly suggestive.  If the court finds it was suggestive then the court must determine whether the identification was nonetheless reliable.  In assessing the reliability, the court should consider five factors:

1)   the opportunity of the witness to view the accused at the time of the crime;

2

    2)    the attentiveness of the witness;

    3)    the accuracy of the witness' pre-photographic line-up description of the accused;

    4)    the level of certainty demonstrated at the photographic viewing; and

    5)    the time that had elapsed between the crime and the photographic identification.

Whether or not the government used impermissibly suggestive techniques is not presently known. A voir is necessary for this determination by the Court.

The question of reliability is an easier question. Using the totality of the circumstances test, the identification in question is highly dubious for the following reasons. First, the identification occurred more than one year after the arrest of the defendant and the date that the woman picked up the brief case from the CI. Therefore, too much time has elapsed between the time of the pick up and the date of the identification. Second, the informant's description of the woman is scant and vague prior to the identification. He essentially stated that she was African American and that is it. Third, the woman is seen sitting on a chair next to the defendant whom the CI clearly recognizes. Fourth, the conditions relating to the original observations have never been reduced to writing. Fifth, the level of certainty of the identification is simply moot given the above factors. Finally, the government has never reduced to writing any of the procedures employed or statements made by the CI when he made the identification. Based upon the totality of circumstances test, this Court should find that the identification is unreliable.

Additionally, this Court should find that the probative force of this identification is outweighed by the prejudice caused the defendant. Putting aside the government's late decision to inform the defendant that it intended to offer this photograph, the reliability is certainly a factor that this Court should consider in determining its probative value. Based upon the lack of

reliability alone, this Court should find the identification inadmissible given its lack of probative force.

Also, even if the woman in the photograph is the woman who picked up the bag a few weeks before Mr. Azubike's transaction, there is no evidence that Mr. Azubike was aware that she was picking a brief case also. Therefore, the jury will be misled by this identification evidence and it will likely cause the jury to presume Mr. Azubike's guilt based upon this association. The prejudice outweighs the probative value under these circumstances pursuant to Rule 403 of the Federal Rules of Evidence.

Wherefore, defendant moves this Court to suppress the identification for the above reasons. He also seeks a voir dire on this issue as described above as well as disclosure of (a) the procedures used by the government when they showed the witness these photos and (b) any statements made by the witness when he did view the photos and (3) any statements made by the CI when he historically described the African American woman he saw pick up the brief case in 2005. Alternatively, he moves this Court to preclude its admission pursuant to Rule 403.

        Submitted By
        Franklin's Attorney


        /S/James Budreau
        James Budreau, Bar# 559931
        20 Park Plaza Suite 905
        Boston, MA 02116
        (617)227-3700

      I hereby certify that I served a copy of this motion and exhibits through the ECF system which was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the 20th day of February 2008.

      /s/ James Budreau
      JAMES BUDREAU BBO# 553391
      20 Park Plaza, Suite 905
      Boston, MA 02116

AFFIDAVIT OF COUNSEL

I, James Budreau do depose and state the following:

1. I represent franklin Azubike in the instant matter.

2. I am a member of the Massachusetts bar in good standing;

3. I am filing this motion in good faith based upon the law of the Supreme Court and the rules of evidence and the facts of this case.

4. The facts represented in my motion are accurate to the best of my memory and knowledge.


Signed under pains and penalties of perjury,


       /s/James Budreau
      JAMES BUDREAU