DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CRIMINAL NO: 05-10105-PBS |
| v. ) | |
| ) | |
| ) | |
| FRANKLIN AZUBIKE ) | |

**MEMORANDUM IN OPPOSITION TO GOVERNMENT'S REQUEST FOR A WILFUL BLINDNESS INSTRUCTION**

Now Comes, defendant Franklin Azubike, who respectfully files this opposition to the government's request for a willful blindness instruction (See Government's Requests For Instructions #22). In support of this request, defendants states the following:

**DISCUSSION**

A wilful blindness instruction is proper only "if a defendant claims a lack of knowledge [and] the facts suggest a *conscious* course of *deliberate* ignorance." *United States v. Richardson*, 14 F.3d 666, 671 (1st Cir. 1994) (emphasis added), *quoting United States v. Littlefield*, 840 F.2d 143, 147 (1st Cir.), *cert. denied*, 488 U.S. 860 (1988). *See, e.g., United States v. Singh*, 222 F.3d 6, 11( 1st Cir. 2000); *United States v. Cunan*, 152 F.3d 29, 39 (1st Cir. 1998); *United States v. Gabriele*, 63 F.3d 61, 66 (1st Cir. 1995); *United States v. St. Michael's Credit Union*, 880 F.2d 579, 585 (1st Cir. 1989). "More specifically, the instruction is proper when there is evidence to support the inference that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution." *United States v. Brandon*, 17 F.3d 409, 452 (1st Cir.), *cert. denied*, 513 U.S. 820 (1994), *quoting United States v. Rivera*, 944 F.2d 1563, 1571 (11th Cir. 1991). *See, e.g., United States v. Schlei*, 122 F.3d 944, 973 (11th Cir. 1997), *cert. denied*, 523 U.S. 1077 (1998); *United States v. Barnhart*, 979 F.2d 647, 652 (8th Cir. 1992)

2. A wilful blindness instruction, however, should not be given unless the evidence of wilful blindness is "separate and distinct" from the evidence of actual knowledge. *United States v. Bilis*, 170 F.3d 88, 93 (1st Cir.), *cert. denied*, 528 U.S. 911 (1999); *Brandon*, 17 F.3d at 452 n.74. The standard is a stringent one, and wilful blindness instructions are rarely appropriate "because it is a rare occasion when the prosecution can present evidence that the defendant deliberately avoided knowledge." *United States v. Hilliard*, 31 F.3d 1509, 1514 (10th Cir. 1994). *See also Rivera*, 944 F.2d at 1570; *United States v. Alvarado*, 838 F.2d 311, 314 (9th Cir. 1988)[1]

3. This First Circuit Court of Appeals has often analyzed the issue in terms of "red flags," essentially framing the issue in terms of whether the defendant recognized sufficient, and sufficiently conspicuous, indicia that he was involved in criminal activity and consciously and deliberately avoided objective confirmation of the obvious. *See, e.g., United States v. Rivera-Rodriguez*, 318 F.3d 268, 272 (1st Cir. 2003); *United States v. Frigerio-Migiano*, 254 F.3d 30, 34-35 (1st Cir. 2001); *United States v. Coviello*, 225 F.3d 54, 70 (1st Cir. 2000), *cert. denied*, 531 U.S. 1102 (2001); *Gabriele*, 63 F.3d at 65; *Richardson*, 14 F.3d at 671. The question here thus becomes whether there was sufficient evidence that Azubike was consciously aware, at the time of the transaction, of obvious indicia of a "high probability" that the brief case he carried contained drugs and deliberately ignored those indicia.

The question of knowledge is the central issue before the jury. There is no evidence that he was wilfully blind or that he deliberately averted his eyes to the existence of drugs in the

---

[1] Wilful blindness, being a surrogate for actual knowledge, is a subjective standard. It does not suffice that the defendant was negligent in failing to make further inquiry or even that he recklessly disregarded, or was indifferent to, the truth. See, e.g., *United States v. Bornfield*, 145 F.3d 1123, 1130 (10th Cir. 1998), *cert. denied*, 528 U.S. 1139 (2000); *Brandon*, 17 F.3d at 453; *United States v. Mapelli*, 971 F.2d 284, 286 (9th Cir. 1992); *Rivera*, 944 F.2d at 1570-71; *Littlefield*, 840 F.2d at 148 n.3.

briefcase.  There was nothing obvious about the transaction that would have raised the red flags required by the First Circuit to cause Mr. Azubike to believe that there was a high probability that the brief case contained drugs.  The question before the jury is, instead, whether his actions indicate that he knew drugs were contained in the briefcase.  A wilful blindness instruction would be inappropriate. [2]

                                        Respectfully submitted,
                                        Franklin Azubike
                                        By His Attorney

                                        /S/JAMES BUDREAU
                                        JAMES H. BUDREAU, ESQ.
                                        20 Park Plaza, Suite 905
                                        Boston, MA 02112
                                        (617) 227-3700

     I hereby certify that I served a copy of this motion and affidavit through the ECF system which was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the 20th day of February 2008.

                                        /s/ James Budreau

.

---

[2] It should be noted that the Court was not asked and did not instruct on wilful blindness during Mr. Azubike's first trial.