UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CRIMINAL NO: 05-10105-PBS |
| v. ) | |
| ) | |
| ) | |
| FRANKLIN AZUBIKE ) | |

**DEFENDANT'S MOTION IN LIMINE REGARDING CONVERSATIONS BETWEEN PETER IKE AND LAW ENFORCEMENT**

Now Comes, defendant Franklin Azubike, who respectfully moves this Court to preclude the government from admitting evidence (1) that a canine ruse was performed on Mr. Ike when he was stopped and a bag was seized from him during a sting operation and (2) of conversations between alleged co-conspirator Peter Ike and law enforcement prior to Mr. Azubike's arrest in this case as they are not co-conspirator statements. While United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir. 1997) only requires that defendant object to this evidence at the time it is provisionally offered and then at the end of the government's case, see United States v. Newton, 326 F.3d 253, 257 (1st Cir. 2003), defendant has decided to alert the Court to this concern in advance given the likelihood the government will attempt to introduce this evidence and given its dubious construct as co-conspirator statements. While defendant expects there will be other evidence that falls into this Petrozziello category at trial[1], defendant specifically addresses the

---

[1] For example, it is questionable whether any of the prior courier transactions were in furtherance of a conspiracy involving Mr. Azubike given that he does not come onto the scene until early March. the other transactions all occurred before that time period and there will be no evidence at trial that Mr. Azubike was aware of these other courier transactions in advance. Additionally, it is questionable whether the tapes between the CI and other co-conspirators, such as Solomon and John K., will survive a Petrozziello ruling given that there is no evidence that the defendant even knew these other alleged co-conspirators and most of the conversations were unrelated to

following hearsay evidence in advance given the prejudicial impact it would have on Mr. Azubike's defense:

    1. Mr. Ike, who is an alleged co-conspirator, was stopped by the state police in a sting operation after he picked up a brief case from the cooperating informant (CI) in this case sometime in February 2005. During this stop, the police asked him background questions and ultimately seized a brief case from him. The police also performed a ruse canine sniff and allegedly informed Mr. Ike that they believed narcotics were in the brief case. Mr. Ike was released and there were telephone messages between the officers and Mr. Ike afterward. Mr. Ike eventually left the country.

    2. The government will argue that prior to his stop, Mr. Ike was in contact with a man named Mike, who directed his activities in February 2005. The government will alleged that this is the same Mike that directed Mr. Azubike's activities with the CI later in March 2005 (March 10th though March 14th) .

    3. There will be evidence that Mr. Ike and Mr. Azubike knew each other. There will also be evidence that Mr. Ike and Mr. Azubike's telephones were in contact on several occasions some time after the February brief case seizure from Ike and before Mr. Azubike's arrest in mid March. None of these conversations were recorded.

    4. In fact, it is even questionable whether the entire transaction involving Mr. Ike and the prior couriers is even admissible given the lack of evidence demonstrating a connection between Mr. Azubike and the other couriers' conduct.

    5. Federal Rule of Evidence 801(d)(2)(E) permits the introduction of evidence that

---

defendant's transaction.

would be otherwise considered hearsay if "it is more likely than not that the declarant and the defendant were members of a conspiracy when the hearsay statement was made, and that the statement was in furtherance of the conspiracy." Defendant submits that the government will not be able to satisfy this burden off proof at trial and the hearsay conversations between Ike and law enforcement should be excluded. See United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir 2003)

     Wherefore, defendant moves this Court to grant his motion in limine for the above stated reasons.

                                        Respectfully submitted,
                                        Franklin Azubike
                                        By His Attorney

                                        /S/JAMES BUDREAU
                                        JAMES H. BUDREAU, ESQ.
                                        20 Park Plaza, Suite 905
                                        Boston, MA 02112
                                        (617) 227-3700

     I hereby certify that I served a copy of this motion and affidavit through the ECF system which was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the 21st day of February 2008.

                                        /s/ James Budreau