```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA    )
                            )
      v.                    )    Cr. No. 05-10105
                            )
FRANKLIN AZUBIKE            )
```

**DEFENSE REQUESTS FOR JURY INSTRUCTIONS**

Now Comes defendant, Franklin Azubike, who moves this Court to provide a complete set of pattern instructions including (1) intent and knowledge, (2) evaluating credibility of witnesses, (3) law enforcement do not have any more credibility than civilian witnesses, (4) conspiracy, (5) conspiratorial agreement as to the underlying object of the conspiracy, (6) presumption of innocence, (7) defendant's constitutional right not to testify, (8) special care when evaluating the testimony of a cooperating witness' testimony, (9) inferences, etc.  In addition, defendant moves this Court to give the jury the following specific instructions.  Defendant highlights some sections of the reasonable doubt instruction as he would like the Court to put significant emphasis on those areas:

<u>Defendant's Request #1</u>

**Reasonable Doubt**

The First Circuit has approved the following formulation by Judge Keeton as a Reasonable Doubt instruction [ see <u>United States v. Cleveland</u>, 106 F.3d 1056, 1062-63 (1st Cir. 1997), <u>aff''d</u> <u>sub</u> <u>nom</u>. <u>Muscarello v. United States</u>, 524 U.S. 125 (1998), <u>recognized as abrogated on other grounds by</u> <u>Brache v. United States</u>, 165 F.3d 99 (1st Cir. 1999)]:

As I have said, the burden is upon the Government to prove beyond a reasonable doubt that Mr. Azubike is guilty of the charge made against him. It is a strict and heavy burden, but it does not mean that a defendant''s guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant''s guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

**Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions—one that a defendant is guilty as charged, the other that the defendant is not guilty— you will find the defendant not guilty.**

**It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond reasonable doubt.** On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against Mr. Azubike, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether Mr. Azubike is guilty of a particular offense, you must give him the benefit of the doubt and find Mr. Azubike not guilty of that offense.

<u>Defendant's Request #2</u>

**MULTIPLE CONSPIRACIES**

Defendant requests the multiple conspiracy instruction approved by the Ninth Circuit.  That instruction is attached and defendant has filed a memorandum in support of this request.

<u>Defense Request #3</u>

**First Circuit Pattern Jury Instructions
2.14 Definition of ""Knowingly""**

The word ""knowingly,"" as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

**Defense Request #4**
**Intent**


       The two crimes charged in this case:(1)Possession with
Intent to Distribute an unlawful drug and; (2) conspiring to do
the same, are specific intent crimes.  What I mean by specific
intent is that the government must prove beyond a reasonable
doubt that Mr. Azubike knew that drugs were in the brief case
that he allegedly possessed for purposes of the First Count:
Possession with intent to distribute drugs, and that he intended
to distribute that brief case knowing it contained illegal drugs.
As for the Second Count, the government must prove beyond a
reasonable doubt that Mr. Azubike knowing agreed with others to
commit the object of the conspiracy; i.e. to possess with intent
to distribute unlawful drugs.  This requires that the government
prove beyond a reasonable doubt that Mr. Azubike specifically
knew that the underlying object of the conspiracy was to
distribute unlawful drugs.  Such intent may be determined from
all the facts and circumstances surrounding the case and
introduced at trial, but must be proved beyond a reasonable
doubt. If the government fails in its burden, the defendant must
be acquitted.

Wherefore, defendant moves this Court to give the above instructions.

                          Submitted By
                          Franklin's Attorney

                          /S/James Budreau
                          James Budreau, Bar# 559931
                          20 Park Plaza Suite 905
                          Boston, MA 02116
                          (617)227-3700

I hereby certify that I served a copy of this motion and exhibits through the ECF system which was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the 21st day of February 2008.

                          /s/ James Budreau
                          JAMES BUDREAU BBO# 553391
                          20 Park Plaza, Suite 905
                          Boston, MA 02116

**8.05B**  CRIMINAL INSTRUCTIONS

## 8.05B  MULTIPLE CONSPIRACIES

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

### Comment

Absent variance between the allegations of the indictment and the evidence presented, there is no need to instruct the jury on the issue of multiple conspiracies. *United States v. Zemek*, 634 F.2d 1159 (9th Cir.1980), *cert. denied*, 450 U.S. 916 (1981); *United States v. Mayo*, 646 F.2d 369, 370 (9th Cir.), *cert. denied*, 454 U.S. 1127 (1981). But where there is variance, *e.g.*, where the indictment charges a single conspiracy and the evidence indicates two or more possible conspiracies, a multiple conspiracy instruction is proper. *United States v. Perry*, 550 F.2d 524, 533 (9th Cir.), *cert. denied*, 431 U.S. 918, 434 U.S. 827 (1977) (citing *United States v. Varelli*, 407 F.2d 735, 746 (7th Cir.1969)). Failure to give a multiple conspiracy instruction if none is requested does not amount to plain error. *United States v. Krasn*, 614 F.2d 1229, 1235–36 (9th Cir.1980).

In cases where the conspiracy charged involves only two persons, it is useful to instruct the jury that should it find either conspirator not guilty of conspiracy it must acquit both. *United States v. Coven*, 662 F.2d 162, 173 (2d Cir.1981), *cert. denied*, 456 U.S. 916 (1982); *see also United States v. Glickman*, 604 F.2d 625, 631–33 (9th Cir.1979), *cert. denied*, 444 U.S. 1080 (1980).