```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
     v.                       )   Crim. No. 05-10105-PBS
                              )
FRANKLIN AZUBIKE              )
```

### Defendant's Request
### For Multiple Conspiracy Instruction

The Defendant hereby requests that this Court give an instruction on multiple conspiracies. Defendant attaches a copy of the Pattern Instruction adopted by the United States Court of Appeals for the Ninth Circuit and requests that this or some version similar be given to the jury. In support of this request defendant states the following:

I.  **Two conspiracies existed in this case and the jury should therefore receive an instruction on multiple conspiracies.**

The government has charged that Mr. Azubike conspired with Peter Ike ("Ike", herein) and Solomon, LNU to possess drugs with intent to distribute. Examined against the backdrop of well-established case law, however, the record in this case clearly indicates that Ike was not a co-conspirator of the defendant's, but was part of a separate conspiracy involving the distribution of drugs.

"To determine if the evidence supports finding a single conspiracy (that is to say, a single general agreement), courts have looked for (1) a common goal, (2) interdependence among the participants, and (3) overlap among the participants." United

States v. Portela, 167 F.3d 687, 695 (1st Cir.1999). The first requirement—a common goal—has generally been broadly drawn by the Courts of Appeals, to the point that "the common objective test may have become a mere matter of semantics." Portela, 167 F.3d at 695, n.3, quoting United States v. Richerson, 833 F.2d 1147, 1153 (5th Cir.1987). "The 'overlap' requirement can be satisfied by the pervasive involvement of a single 'core conspirator,' a hub character," such as, arguendo, Solomon Lui ("Solomon", herein) in this case. Portela, 167 F.3d at 695, quoting United States v. Wilson, 116 F.3d 1066, 1076 (5th Cir.1997). It is both the "interdependence" requirement, however, which precludes a finding in this case of a single conspiracy that involved both Ike and Azubike.

Establishing "interdependence" among the participants requires determining "whether the activities of one aspect of the scheme are necessary or advantageous to the success of another aspect of the scheme." Portela, 167 F.3d 687, 695 (1st Cir.1999), quoting Wilson, 116 F.3d at 1076. "Each individual must think the aspects of the venture interdependent, and each defendant's state of mind, and not his mere participation in some branch of the venture, is key." Portela, 167 F.3d at 695, citing United States v. Glenn, 828 F.2d 855, 857-59 (1st Cir.1987). In United States v. Glenn, 828 F.2d 855 (1st Cir.1987), wherein the First Circuit reversed the defendant's conviction of being a participant in a single conspiracy, the court reminded that one must approach the

"classical 'single/multiple' conspiracy problem with several well-established points in mind." <u>Glenn</u>, 828 F.2d at 857. After noting that it was "dangerous to think of conspiracy as a kind of 'club' that one joins or a 'business' in which one works," because conspiracy law "focuses upon the activities of an individual defendant", the First Circuit reiterated that an agreement or understanding between parties can be tacit as well as express. <u>Glenn</u>, 828 F.2d at 857. While explicating the difference between the two types of agreements, the court discussed the necessary element of "interdependence" of co-conspirators:

> A defendant drug distributor may expressly agree with his immediate supplier that he will sell any drugs provided to him, but he may tacitly agree with a more distant supplier, say a smuggler, that each will work for the success of the whole drug operation. A jury may find a tacit agreement at least when the distributor knows that the smuggler probably exists, that distributing drugs tends to help the smuggler, and that the smuggler's contribution to the success of the entire enterprise is likely needed if the distributor is to achieve his own more immediate objective. The known interdependence of the linked activities in such a case makes it reasonable to speak of a tacit understanding between the distributor and others upon whose unlawful acts the distributor knows his own success likely depends. <u>When such interdependence is missing, when the distributor is indifferent to the purposes of others in the enterprise—say, other distributors—the tacit understanding does not exist.</u>

<u>Glenn,</u> 828 F.2d at 857-58 (emphasis added).

Clearly, based upon the foregoing law, Azubike is not a co-conspirator of Ike's.  The fact that Mr. Azubike is alleged to have accepted a brief case with heroin sent by the same man who sent the drugs which Ike couriered is insufficient by in itself.

The fact that Mr. Azubike and Ike apparently knew each other and had some limited contact with each other just prior to Mr. Azubike's arrest does not establish that link either. At a minimum, the government must demonstrate (1) that Mr. Azubike agreed to accept a large amount of drugs that he knew were being smuggled into the United States; and (b) that he knew or should have foreseen that others including Mr. Ike had agreed to do the same for the same group; thereby establishing some expectation of interdependency. The government was unable to establish evidence that Mr. Azubike knew or should have known that the actions of his alleged spoke facilitated the success of Mr. Ike's alleged spoke or visa versa.

   This evidence falls short of establishing a tacit agreement between the "spokes" and results in a classic hub with spokes without a rim.  See Kotteakos v. United States, 328 U.S. 750, 755 (1946)

   As the actions of one did not facilitate or depend upon the success of the other, they did not share a common goal or objective.  There was no concrete or circumstantial evidence beyond speculation that Azubike knew that Ike was involved as a drug courier with Solomon.  This is assuming that there even enough evidence to show that either or both had agreed to possess any drugs at all. Consequently,  defendant respectfully requests an instruction on multiple conspiracies.

                         Submitted By
                         Franklin Azubike's Attorney

/S/James Budreau
James Budreau, Bar# 559931
20 Park Plaza Suite 905
Boston, MA 02116
(617)227-3700


    I hereby certify that I served a copy of this motion and exhibits through the ECF system which was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the 21th day of February 2008.

/s/ James Budreau
JAMES BUDREAU BBO# 553391
20 Park Plaza, Suite 905
Boston, MA 02116

**8.05B**   CRIMINAL INSTRUCTIONS

### 8.05B  MULTIPLE CONSPIRACIES

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

#### Comment

Absent variance between the allegations of the indictment and the evidence presented, there is no need to instruct the jury on the issue of multiple conspiracies. *United States v. Zemek,* 634 F.2d 1159 (9th Cir.1980), *cert. denied,* 450 U.S. 916 (1981); *United States v. Mayo,* 646 F.2d 369, 370 (9th Cir.), *cert. denied,* 454 U.S. 1127 (1981). But where there is variance, *e.g.,* where the indictment charges a single conspiracy and the evidence indicates two or more possible conspiracies, a multiple conspiracy instruction is proper. *United States v. Perry,* 550 F.2d 524, 533 (9th Cir.), *cert. denied,* 431 U.S. 918, 434 U.S. 827 (1977) (citing *United States v. Varelli,* 407 F.2d 735, 746 (7th Cir.1969)). Failure to give a multiple conspiracy instruction if none is requested does not amount to plain error. *United States v. Krasn,* 614 F.2d 1229, 1235–36 (9th Cir.1980).

In cases where the conspiracy charged involves only two persons, it is useful to instruct the jury that should it find either conspirator not guilty of conspiracy it must acquit both. *United States v. Coven,* 662 F.2d 162, 173 (2d Cir.1981), *cert. denied,* 456 U.S. 916 (1982); *see also United States v. Glickman,* 604 F.2d 625, 631–33 (9th Cir.1979), *cert. denied,* 444 U.S. 1080 (1980).

120