DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | |
| )  | CRIMINAL NO: 05-10105-PBS |
| v.   ) | |
| ) | |
| ) | |
| FRANKLIN AZUBIKE               ) | |

**SUPPLEMENTAL MOTION IN LIMINE RELATIVE TO ALLEGED CO-CONSPIRATOR'S STATEMENT AND CONDUCT**

Now Comes, defendant Franklin Azubike, who respectfully moves this Court to exclude evidence of the Peter Ike transaction on February 18, 2005 altogether for the reasons stated in defendant's original Motion and pursuant to Rule 403 of Federal Rules of Evidence. In support of this Motion defendant states that the transaction between the confidential informant and Mr. Ike occurred about 22 days before Mr. Azubike made contact with the same CI. There is no evidence that he joined the conspiracy prior to early March or that he was aware of or discussed the February 18, 2006 transaction with Mr. Ike. The content of any telephone calls between the two will be highly speculative as they were not recorded. Additionally, there is no evidence who actually spoke during those conversations as the only evidence of such calls are toll records.

While there is no evidence that Mr. Azubike and Mr. Ike spoke about the February 18th transaction, the jury would be encouraged to speculate about the content of said conversations. The jury would also be encouraged to convict Mr. Azubike simply based upon his association with Mr. Ike. While the government has charged Mr. Ike as a co-conspirator, there is simply no evidence that he discussed the object of the conspiracy with Mr. Azubike. Consequently, evidence of the entire transaction and Mr. Ike's alleged involvement should be excluded as it is more prejudicial than probative.

If the government seeks this evidence to provide background for its case, then there is no

need to (1) mention Mr. Ike by name, (2) introduce any of the tapes between him and the CI; or (3) introduce any of the evidence relative to the dog alert, etc, when he was stopped by the state police.

    Wherefore, defendant moves to grant his original and supplemental motion in limine pursuant to Rule 403.

                  Respectfully submitted,
                    Franklin Azubike
                    By His Attorney

                    /S/JAMES BUDREAU
                    JAMES H. BUDREAU, ESQ.
                    20 Park Plaza, Suite 905
                    Boston, MA 02112
                    (617) 227-3700

    I hereby certify that I served a copy of this motion and affidavit through the ECF system which was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the 22th day of February 2008.

                    /s/ James Budreau

.