```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                             )
    v.                       )    Crim. No. 05-10105-RWZ
                             )
FRANKLIN AZUBIKE             )
```

### DEFENDANT'S OBJECTIONS TO THE PRE SENTENCE REPORT AND SENTENCING MEMORANDUM

Now Comes Franklin Azubike, who respectfully provides the following objections to the pre-sentence report forwarded to the Court by U.S. Probation. Defendant further files his sentencing Memorandum herein.

### OBJECTIONS TO THE PSR

Defendant notes that Probation simply submitted the old report from Mr. Azubike's first trial for the instant sentencing. Counsel did not understand that the old PSR would submitted without any updating and, consequently, did not respond until today. It should be noted that the undersigned just finished a trial in front of Judge Rya Zobel yesterday, March 18, 2008. Defendant objects as follows:

**Paragraphs 30/32**

The jury in Azubike I (the first trial) did find the defendant responsible for over 1000 grams of heroin using a special jury verdict form. That verdict was overturned on the grounds that prosecutor improperly presented or misrepresented facts to the jury that tainted the verdict. Therefore, that finding is of no consequence to the instant case and an

independent finding must be made by the Court on the question of weight.

In the instant case, the jury found that Mr. Azubike was guilt of possession with intent to distribute over 100 grams, which leads to a five year minimum mandatory penalty, and agreeing to join a conspiracy to distribute heroin.  The jury did not make a finding on what weight the defendant was responsible for as a result of this conviction.

Defendant submits that this Court must decide what amount of drugs the defendant could have reasonably foreseen was in that brief case under the conspiracy count.  Defendant suggests that this Court must determine weight using the proof beyond a reasonable doubt standard. See United States v. Cordoba-Murgas, 422 F.3d 65, 71 (2nd Cir. 2005)(weight is an element of the charge assuming that the finding would change the statutory maximum or require the imposition of a minimum mandatory penalty) See also Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2005) and United States v. Booker, 543 U.S. 220 (2005)

In reviewing the facts of the case, there simply was no evidence submitted that would support a conclusion that the defendant believed that the briefcase contained a kilo or more of drugs.  There certainly was no evidence that the defendant knew

what type of drug was present in the brief case.[1]

The evidence pertinent to this issue is as follows:

1. Mr. Azubike went through significant effort to come to Boston to pick up the package.

2. He was concerned about surveillance.

3. He gave the CI $2000 for the package.

4. Mike was directing him and Mike came from out of state.

5. Mr. Azubike rented a car.

6. The total weight of the bag was 10 to 15 pounds, but the cocaine weighed approximately 4 pounds. Mr. Azubike weighed more than 250 pounds. The weight of the bag would not even register on someone so physically large.

7. Mr. Azubike did not open the bag to check on the contents.

8. Mr. Azubike did not have any weapons.

9. There is no evidence that Mr. Azubike knew the origin of the bag, i.e., overseas.

10. There is no evidence that he was aware of drug prices or quantities.

11. There was no evidence that Mr. Azubike was aware of

---

[1] While defendant even contests the fact that Mr. Azubike knew that drugs were in the brief case, he is cognizant that he was convicted of drug distribution and conspiracy to do the same. Therefore, for purposes of the PSR, defendant will not address this issue.

3

Peter Ike's prior trip or the other couriers' activities with Mukasa in January and February 2005.

    12.    There was no evidence that he understood the scope of the conspiracy or that a courier service was being employed by Solomon to disguise the bags' contents.

    13.    The bag was locked and the drugs carefully secreted in the walls.  There is no evidence that Mr. Azubike understood this or the sophisticated nature of this conspiracy.

    14.    There was no evidence he understood the conspiracy was distributing heroin.

Based upon the above facts and others at trial, defendant submits that there is no credible way for this Court to conclude that he could have foreseen, believed or known that there would be a kilo or more of drugs/heroin in that bag.  Given that the jury did find that he was responsible for 100 or more grams, this Court should apply the rule of leniency and find that Mr. Azubike was responsible for 100 grams and no more.

**Paragraph 42**

Defendant objects to the finding that he should not get a role reduction given that he was a courier in this case.  Given the factors cited above for my objections to Paragraph 30, it is clear that at most he was recruited as a courier for a single smuggling transaction.  There is simply no evidence that he

played any other role in this conspiracy.  The Sentencing Commission intended that the role reduction as articulated in See U.S.S.G. § 3B1.2, comment n.2 (2000) should be applied in situations such as Mr. Azubikes'. See <u>United states v. Garcia</u>, 920 F.2d 153 (2nd Cir. 1990) Defendant adopts his prior objections in Azubike I on this subject and refers this Court to the Addendum attached to the old PRS and submitted by the Probation Office on March 6th in this case and submits that he should get a 3 level reduction.

### REQUEST FOR SENTENCE REDUCTION

Defendant further moves this Court for a sentence reduction pursuant to the factors enumerated in Title 18 U.S.C. Section 3553(a).  This Court should reduce his sentence from the low end of the applicable guideline range to a sentence that is "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. §3553(a).  When the nature of Mr. Azubike's offense are taken into account together with his personal characteristics, defendant believes that this Court should consider reducing his advisory guideline range to 60 months.

Defendant makes this recommendation based upon (1) the lack of evidence that demonstrates Mr. Azubike understood heroin was contained in the bag (or the amount of narcotics for that matter)

5

that he retrieved from the government informant in this case together with (2) his relatively minor role in this drug conspiracy; (3) his work in the Nigerian community as described at trial, and (4) the lack of violence in his background. Mr. Azubike will deported upon completion of this sentence and certainly does not pose a danger of recidivism. Given the facts, a 5 year sentence would more than serve as a deterrent for anyone who is considering acting as a courier in any conspiracy that might or could involve drugs.

Wherefore, defendant moves this Court to reduce his sentence consistent with the public policy of Section 3553(a).

> Submitted On Behalf Of
> Franklin Azubike,
>
>
> /s/James Budreau
> James Budreau, Bar# 559931
> 20 Park Plaza Suite 905
> Boston, MA 02116
> (617)227-3700

I hereby certify that I served a copy of Defendant's Motion through the ECF system which was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the 19th day of March 2008.

> /s/ James Budreau
> JAMES BUDREAU BBO# 553391
> 20 Park Plaza, Suite 905
> Boston, MA 02116